UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 18-08956 AB (FFMx) | Date: | January 4, 2019 |
|---|---|---|---|

Title: *Jesus M. Torres v. Ford Motor Company et al.*

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**  [In Chambers] ORDER **DENYING** MOTION FOR REMAND

Before the Court is Plaintiff Jesus Torres's ("Plaintiff") Motion for Remand ("Motion," Dkt. No. 10). Defendant Ford Motor Company ("Defendant") filed an opposition. Plaintiff did not file a reply. The Court will resolve the Motion without oral argument and **VACATES** the January 11, 2019, hearing. The Motion is **DENIED**.

**DISCUSSION**

On February 11, 2016, Plaintiff filed this action in state court, asserting state law claims against Defendant. On October 17, 2018, Defendant removed the action under 28 U.S.C. § 1446(b)(3) on the ground that Plaintiff's October 10 proposed jury instructions triggered federal question jurisdiction by referring to a claim under the Magnuson-Moss Act, 15 U.S.C. § 2301, *et seq.*. Plaintiff contends that federal question jurisdiction does not exist because his reference to the federal act was just an error and that he never asserted, or intended to assert, any federal claim in this suit.

The Court need not resolve whether Plaintiff's (inadvertent) reference to a federal claim in his proposed jury instructions confers subject matter jurisdiction because the

Notice of Removal properly invokes the Court's diversity jurisdiction. Plaintiff's Motion for Remand does not dispute that diversity jurisdiction exists, and for the reasons stated in Defendant's Notice of Removal and opposition, diversity jurisdiction does exist.

Defendant removed this case more than 1 year after it was filed, so Defendant's invocation of diversity jurisdiction is untimely. *See* 28 U.S.C. § 1446(c)(1) ("A case may not be removed under [§] (b)(3) on the basis of [diversity jurisdiction] more than 1 year after the commencement of the action . . ."). However, untimeliness is a merely procedural defect, so it is waivable. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (time limit is procedural, not jurisdictional, so "a party may waive the defect or be estopped from objecting to the untimeliness by sitting on his rights.") Here, Plaintiff does not raise a timeliness objection, and such an objection would itself be untimely since Plaintiff filed his motion for remand more than 30 days after Defendant removed the case. *See* 28 U.S.C. § 1447(c) (motion for remand on any ground other than lack of subject matter jurisdiction must be made within 30 days of removal). Accordingly, Plaintiff has waived any timeliness objection.

Because Defendant's Notice of Removal properly invokes the Court's diversity jurisdiction, and because Plaintiff waived any objection to the untimeliness of that removal, Plaintiff's Motion for Remand is **DENIED**.

**IT IS SO ORDERED.**